**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Susan Graham Lovelace, State Bar No. 160913
 Email: Lovelace@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Tel: (626) 449-1882 | Fax: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Operating Engineers Pension Trust, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND, TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, TRUSTEES OF THE OPERATING ENGINEERS TRAINING TRUST, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 12 DEFINED CONTRIBUTION TRUST, FUND FOR CONSTRUCTION INDUSTRY ADVANCEMENT, ENGINEERS CONTRACT COMPLIANCE COMMITTEE FUND, and SOUTHERN CALIFORNIA PARTNERSHIP FOR JOBS FUND,<br><br>            Plaintiffs,<br><br>       v.<br><br>AZTEC FENCE, LLC, a California limited liability company,<br><br>            Defendant. | CASE NO.: 2:19-cv-2789<br><br>**COMPLAINT FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT AND VIOLATION OF ERISA § 515 [29 U.S.C. § 1145]** |

1

1335509

COMPLAINT

Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, Trustees of the Operating Engineers Local 12 Defined Contribution Trust, Fund for Construction Industry Advancement, Engineers Contract Compliance Committee Fund, and Southern California Partnership for Jobs Fund, complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. §1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. §1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. §1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. §185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiffs' Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

1335509

# PARTIES

5.  Plaintiffs, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, Trustees of the Operating Engineers Training Trust, and Trustees of the Operating Engineers Local 12 Defined Contribution Trust (collectively "Trustees"), are the trustees of five express trusts (collectively "Trusts") created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 ("Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. All of the Trusts referenced above are administered by the Trustees in Los Angeles County. Plaintiffs, as Trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. Plaintiff, Fund for Construction Industry Advancement, is an employer established and administered trust formed and created to protect and expand the interests of the construction industry. Plaintiff, Engineers Contract Compliance Committee Fund, was established by Local 12 in accordance with Section 6(b) of the Labor Management Cooperation Act of 1978 in order to improve job security and organizational effectiveness. Plaintiff, Southern California Partnership for Jobs Fund is an industry-wide advancement fund established by the employers and Local 12. All plaintiffs are collectively referred to herein as the "Plaintiffs."

6.  At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

1335509                                                                                                          COMPLAINT

7. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant, Aztec Fence, LLC ("Aztec") was and is a California limited liability company with its principal place of business in El Centro, California.

## EXECUTION OF BARGAINING AGREEMENT
## AND STATUS OF PARTIES

8. On or about April 17, 2018, Aztec executed and delivered a written collective bargaining agreement (the "Agreement") to Local 12, whereby Aztec agreed to be bound by the terms and conditions, with certain exceptions, of certain written and existing collective bargaining agreements between various multiemployer associations and Local 12. In particular, Aztec agreed to be bound by the written Master Labor Agreement ("Master Agreement") in effect between Local 12 and the Southern California Contractors Association, Inc. ("Association"). On or about April 17, 2018, Aztec also signed written acknowledgments and acceptances of each of the Trust Agreements.

9. At all times since at least April 17, 2018, the Master Agreement has been an effective written collective bargaining agreement between the Association and Local 12. At all times relevant herein, Aztec was obligated to the terms and provisions of the Agreement, Master Agreements, and related Trust Agreements.

10. Aztec is an "*employer*," as that term is understood in the Master Agreements and related Trust Agreements.

11. Aztec is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)], and therefore, Aztec is "*obligated to make contributions to a multiemployer plan*" within the meaning of section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that Aztec is also an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

# CLAIM FOR RELIEF

## Breach of Written Collective Bargaining Agreement and Violation of § 515 of ERISA [29 U.S.C. § 1145]

12. Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 11 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

13. Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

14. Aztec is an *"employer"* as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of section 515 of ERISA [29 U.S.C. § 1145].

15. By the terms and provisions of the Agreement, Master Agreements, and related Trust Agreements, and at all times material herein:

   a. Aztec agreed to prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs in a timely manner showing the identity of its employees performing work covered by the Master Agreements, the number of hours worked by or paid to these employees, and based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions due for such employees. At all times material herein, Aztec has been obligated to submit monthly reports and pay fringe benefit contributions to Plaintiffs at their place of business in Pasadena, California, on or before the 10th day of each successive month;

///

///

///

    b. Aztec agreed to permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreements and related Trust Agreements; and

    c. Aztec agreed to pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by, or paid to, applicable employees.  With respect to the Operating Engineers Health and Welfare Fund, Aztec agreed to pay a flat rate contribution to the Trust each month, for employees working in excess of one-hundred hours per month.  For those employees working 100 hours or less, Aztec agreed to pay contributions to the Trust on an hourly basis.  These amounts are due and payable at the Trusts' administrative offices in Pasadena, California.

  16. Aztec failed and refused to submit its Monthly Reports to the Plaintiffs for the months of April 2018, May 2018, and June 2018.  In addition, Aztec indicated that its July 2018 Monthly Report is incorrect and should be amended.  However, Aztec has failed to submit an amended Monthly Report for July 2018.  Aztec's failure to submit the required Monthly Reports constitutes a violation of the Agreement, Master Agreement, and Trust Agreements.

  17. Aztec submitted signed Monthly Reports to the Plaintiffs for work performed by its employees during the months of August 2018 through December 2018.  Plaintiffs are informed and believe, and thereon allege, that Aztec violated the Agreement, Master Agreements and Trust Agreements, and its statutorily-mandated obligation under section 515 of ERISA [29 U.S.C. § 1145], to pay or to timely pay fringe benefit contributions to Plaintiffs pursuant to the Master Agreements and related Trust Agreements for that work.

  18. Aztec has also refused to cooperate with Plaintiffs' audit request covering work performed from April 2018 forward.  This also constitutes a violation of the Agreement, Master Agreement, and Trust Agreements.

19. Because Aztec has refused to submit its Monthly Reports and comply with the audit, the amount of the fringe benefit contributions due and owing by Aztec to Plaintiffs is unknown at this time, but will be established by proof at the trial herein. The amounts due are payable at Plaintiffs' administrative offices in Pasadena, California.

20. Aztec is "*delinquent*," as that term is used in the Master Agreements and related Trust Agreement.

21. Plaintiffs are informed and believe, and based thereon allege, that there is no legal excuse for Aztec's breach of its obligations under the Master Agreement and related Trust Agreements in violation of section 515 of ERISA [29 U.S.C. § 1145].

22. Plaintiffs are informed and believe, and based thereon allege, that Aztec has failed to timely pay contributions and other amounts owed to Plaintiffs, accruing since April 2018. Pursuant to the Master Agreement, Aztec agreed that in the event Aztec failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of the Agreement, Master Agreement, and related Trust Agreements, Aztec would be considered delinquent with the Trusts and would pay Plaintiffs the greater of $25.00 per month or ten percent (10%) of the total amount then due as liquidated damages for each delinquency.

23. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the plan or,

if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621.

24. Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Aztec owes Plaintiffs liquidated damages, in an amount currently unknown to Plaintiffs that will be established by proof.

25. Pursuant to the Master Agreement, related Trust Agreements, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Aztec owes Plaintiffs interest at the rates established pursuant to 26 U.S.C. § 6621 from the respective due dates on all unpaid fringe benefit contributions and other amounts due. The exact amount of interest owed by Aztec to Plaintiffs will be established by proof.

26. By the Agreement, Master Agreement, and related Trust Agreements, Aztec agreed to pay Plaintiffs all legal and auditing costs in connection with the collection of any delinquency, whether incurred before or after litigation is, or was, commenced.

27. It has been necessary for Plaintiffs to incur auditing costs and engage legal counsel for the purpose of collecting said contributions and damages, and Plaintiffs are entitled to their auditing costs and reasonable attorneys' fees in connection therewith pursuant to the Agreement, Master Agreement, Trust Agreements, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)]. The exact amount of the auditing costs and legal fees due and payable has not been ascertained at this time. These amounts shall be established by proof.

28. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall request the Court to:

a. Order Aztec to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs in an amount determined by the Court to be appropriate, and

      b.     Order the creation of a constructive trust on all applicable property and order the transfer of the applicable property to the Trusts, and

      c.     Order Aztec to pay Plaintiffs all amounts due to the Trusts, including, but not limited to, all unpaid contributions, benefits, withholdings, damages, legal fees, audit costs and other expenses and damages incurred.

## PRAYER

WHEREFORE, as to all Claims for Relief, Plaintiffs pray for judgment against Aztec as follows:

1. For unpaid fringe benefit contributions and other damages for breach of contract in in amounts as proved;

2. For liquidated damages in amounts as proved;

3. For interest pursuant in amounts as proved;

4. For audit costs in amounts as proved;

5. For reasonable attorneys' fees and costs of suit incurred;

6. For a good faith deposit or performance bond in favor of Plaintiffs in an amount equal to the total amount determined by this Court to be due to Plaintiffs, as proved; and

7. For such additional relief as this Court deems just and proper.

DATED: April 11, 2019     LAQUER, URBAN, CLIFFORD & HODGE LLP

By: *Susan Graham Lovelace*
Susan Graham Lovelace, Counsel for Plaintiffs

## WAIVER OF JURY RIGHT

DATED: April 11, 2019     LAQUER, URBAN, CLIFFORD & HODGE LLP

By: *Susan Graham Lovelace*
Susan Graham Lovelace, Counsel for Plaintiffs